AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America <br> v. <br> Miguel Dario Reyes Quinonez, Omar David Diaz Cortes, Misael Paredes, Wellington Eduardo Cuero Alegria, Ernesto Landazuri Vasques, and Johnnis Rodriguez Mojarrango <br> *Defendant(s)* | Case No. <br><br> 8:24MJ1449SPF |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **March 18, 2024** in the county of **Hillsborough** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. 70503(a) and 70506(a) and (b) | Conspiracy to possess and possession with intent to distribute with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, while aboard a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Michael S. Oven, Special Agent
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 3/22/2024

_____
*Judge's signature*

City and state: Tampa, Florida

SEAN P. FLYNN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael S. Oven, being duly sworn, depose, and state:

### Introduction and Agent Background

1.    I am a Special Agent with Homeland Security Investigations (HSI) and have been employed as a special agent since September 2001. Since October of 2022, I have been assigned to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Homeland Security Investigations ("HSI"), the Coast Guard Investigative Service ("CGIS"), the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Drug Trafficking Organizations and Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2.    Since October 2022, I have worked on numerous maritime counter-narcotic investigations with Operation Panama Express. Prior to this assignment, I conducted counter-narcotics investigations while assigned to U.S. Customs Service (now HSI) from February 2002 through March 2003 in the U.S. Virgin Islands.

## Statutory Authority

3. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about March 18, 2024, while aboard vessels subject to the jurisdiction of the United States, the defendants, MIGUEL DARIO REYES QUINONEZ, OMAR DAVID DIAZ CORTES, MISAEL PAREDES, WELLINGTON EDUARDO CUERO ALEGRIA, ERNESTO LANDAZURI VASQUES, and JOHNNIS RODRIGUEZ MOJARRANGO, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information relayed to me by other law enforcement officers with whom I have worked on this investigation. However, because of the limited purpose of this Affidavit, I have not included every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

5. The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6. On March 18, 2024, while on routine patrol in the Eastern Pacific Ocean, an air unit utilized by the United States Coast Guard detected two (2) Go-Fast Vessels (GFVs), in International Waters, approximately 120 nautical miles south of Isla de Coco, Costa Rica. Both GFVs contained multiple engines each, multiple fuel barrels, three people onboard each vessel (six people total), and resembled vessels commonly utilized in narcotics smuggling. The USCG Cutter MUNRO diverted to intercept the two GFVs, deployed a helicopter (helo), and two over the horizon small boats with law enforcement boarding teams to investigate.

7. The USCG helo utilized warning shots after the GFVs failed to yield but the warning shots were ineffective. The helo conducted disabling fire on the engines of the GFVs, which rendered them inoperable. USCG small boats then intercepted the two GFVs. From the time between the disabling fire by the USCG helo and the arrival of the USCG small boats, both GFVs jettisoned packages into the ocean. USCG small boat boarding teams recovered approximately 54 packages (bales) from the wakes of the two GFVs. The USCG boarding teams utilized two narcotic identification test kits (NIK) that indicated the positive presence of cocaine from packages retrieved from the wakes of the two GFVs.

8. Upon inquiry by the Coast Guard boarding teams, a person in charge was identified for each of the GFVs, but no indicia of nationality, and no claim of vessel was made for either of the GFVs. Therefore, in accordance with 46 U.S.C. §§ 70502(c)(1)(A) and 70502(d)(1)(B), the USCG treated both GFVs as a vessel without nationality and therefore a vessel subject to the jurisdiction of the United States. The USCG boarding teams proceeded to conduct law enforcement boardings of the GFVs and identified the following crewmembers: MIGUEL DARIO REYES QUINONEZ, OMAR DAVID DIAZ CORTES, MISAEL PAREDES, WELLINGTON EDUARDO CUERO ALEGRIA, ERNESTO LANDAZURI VASQUES, and JOHNNIS RODRIGUEZ MOJARRANGO.

9. The USCG seized approximately 2,578 kilograms (the at sea weight) of cocaine (1,289 kilograms of cocaine attributed to each GFV) and detained the six crew members. The Coast Guard sank both GFV.

10. In my training and experience, the GFVs are consistent in style, size, and propulsion to other such vessels frequently used to transport cocaine across international waters in the Eastern Pacific Ocean.

## Conclusion

11. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following six defendants named herein, MIGUEL DARIO REYES QUINONEZ, OMAR DAVID DIAZ CORTES, MISAEL PAREDES, WELLINGTON EDUARDO CUERO ALEGRIA, ERNESTO LANDAZURI VASQUES, and JOHNNIS RODRIGUEZ

MOJARRANGO, while aboard vessels subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

_____
Michael S. Oven
Special Agent, HSI

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this 22nd day of March 2024.

_____
SEAN P. FLYNN
United States Magistrate Judge

5